

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXWILL WILSON
ATTORNEY GENERAL

Honorable G. C. Jackson
County Attorney
Zavala County
Crystal City, Texas

Dear Sir:

> Opinion No. 0-5774
> Re: Under the stated facts, whether a person
> holding a commission from the Game,
> Fish and Oyster Commission can lawfully
> carry a pistol.

We have received and carefully considered your request for an opinion of this department upon the captioned question. Your letter is quoted in part as follows:

"I desire your construction of Article 483 P C 1925, and with special reference to the exceptions set out in Article 484 P C 1925.

"My facts are: a local cowpuncher obtained a job riding fence for a ranchman in Dimmit County. The ranchman obtained for him a Game and Fish Commissioners Commission from the Hon. Wm. J. Tucker, Executive Secretary of the State Game, Fish and Oyster Commission. This commission applied to Dimmit County only. This man received a salary from the ranch owner only.

"This man came into Zavala County for the purpose of attending a circus and was arrested for driving an automobile while drunk and for carrying a pistol. My question is whether or not he had a right to carry a pistol when not in the discharge of his duty on the ranch where employed. I take the position that he does have a right to carry a pistol on the ranch where he is employed without any kind of commission; I further take the position that he has no right to carry a pistol off the premises where employed regardless of any Game and Fish Commission he might have . . . ."

Article 483 of the Penal Code provides:

"Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

Article 484 of the Penal Code in part reads:

> "The preceding article shall not apply . . . to the Game, Fish
> and Oyster Commissioner, nor to any deputy, when in the actual
> discharge of his duties as such, nor to any game warden, or local
> deputy Game, Fish and Oyster Commissioner when in the actual
> discharge of his duties in the county of his residence, nor
> shall it apply to any game warden or deputy Game, Fish and Oyster
> Commissioner who actually receives from the State fees or com-
> pensation for his services."

That portion of Article 484 above set forth is rater redundant and it is
difficult to ascertain exactly who was intended to be included within
this exception to Article 483. We do find some explanation as to the
purview of this portion of Article 484 by referring to the statute upon
this subject in existence immediately prior to the revision of the statutes
in 1925. This was Chapter 91 of the Acts of 1918, page 194, which provided
in part as follows:

> ". . . provided, further, that this exception shall not apply to the
> Game, Fish and Oyster Commissioner, nor to any deputy, when not in
> the actual discharge of his duties as such, nor to any game warden,
> or local deputy Game, Fish and Oyster Commissioner except when in
> the actual discharge of his duties in the county of his residence,
> nor shall it apply to any game warden or deputy Game, Fish and Oyster
> Commissioner who does not actually receive from the State fees or
> compensation for his services." (Emphasis ours)

We do not believe this change of language in the 1925 revision of this
chapter as now appears in Article 484 was intended to change the in-
terpretation or meaning thereof but was merely restating this portion of
the Act in the affirmative rather than the negative. Therefore, as
indicated by our underscoring, this exception to Article 483 does not
apply to any game warden or deputy Game, Fish and Oyster Commissioner who
does not actually receive from the State fees or compensation for his service.
It is thus apparent under the facts stated in your request that the person
referred to does not come within any of the exceptions found in that
portion of Article 484 which we have quoted.

We are herewith enclosing a copy of our Opinion No O-4359.

Very truly yours

APPROVED JAN. 15, 1944
s/GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL  OF TEXAS

s/ Robert O. Koch

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN

By

Robert O. Koch
Assistant

ROK:db/ldw

Enclosure